UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Alex Vargas, | § | CIVIL ACTION |
| | § | No: |
| | § | |
| Plaintiff, | § | JUDGE: |
| | § | |
| V. | § | MAGISTRATE: |
| | § | |
| Manson Gulf, LLC; C&G Welding, Inc.; | § | |
| Triple C Enterprise Inc. of Louisiana; and | § | |
| Manson Construction Co. | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

### Plaintiff's Original Complaint and Jury Demand

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Alex Vargas, and files this Complaint and Jury Demand, and would respectfully show the following:

### ■ *PARTIES* ■

1.1   ALEX VARGAS ("Mr. Vargas") is a resident of the State of Texas.

1.2   Defendant MANSON GULF, LLC ("Manson Gulf") is a Louisiana limited liability company operated for the purpose of accumulating monetary profit, and that regularly does business in a systematic and continuous manner in the State of Louisiana.  Manson Gulf may be served with service of process upon its registered agent for service John A. Roques, 392 Old Bayou Dularge Rd., Houma, LA 70363.

1.3   Defendant C&G WELDING, INC. ("C&G") is a Louisiana corporation operated for the purpose of accumulating monetary profit, and which does business in a systematic and continuous manner in the State of Louisiana.  C&G may be served with service of

process via, Curtis J. Callais, Jr., 5551 Highway 311, Houma, LA 70360.

1.4     Defendant TRIPLE C ENTERPRISE, INC. OF LOUISIANA ("TRIPLE C") is upon information and belief a Louisiana corporation operated for the purpose of accumulating monetary profit, and which does business in a systematic and continuous manner in the State of Louisiana.  Triple C may be served with service of process through Curtis J. Callais, Jr., 5551 Highway 311, Houma, LA 70360.

1.5     Defendant MANSON CONSTRUCTION CO. ("Manson") is a foreign corporation operated for the purpose of accumulating monetary profit, and that regularly does business in a systematic and continuous manner in the State of Louisiana.  Manson may be served with service of process upon its registered agent for service John A. Roques, 392 Old Bayou Dularge Rd., Houma, LA 70363.

## ■ *JURISDICTION AND VENUE* ■

2.1     Mr. Vargas sues for damages in excess of $75,000, and jurisdiction is proper in this Court because of diversity of citizenship.  Mr. Vargas is a citizen of the State of Texas. Defendants are not residents of the State of Texas.  In addition, jurisdiction is proper under the Jones Act, 46 USC § 30104, the general maritime law, and pursuant to the "saving to suitors" clause.

2.2     Venue in this District is proper as it satisfies the requirements of 28 U.S.C. § 1391, in that Defendant conducts substantial business in and is subject to personal jurisdiction in the District of this Court.

## ■ *FACTUAL BACKGROUND* ■

3.1     This case is brought under federal law contained in the Jones Act, 46 USC § 30104, and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mr. Vargas due to the negligence of his Jones Act employers, Manson Gulf, Manson, C&C, and Triple C[1], and the negligence and unseaworthiness of the Defendants' vessel and its crew, the derrick barge E.P. PAUP, directly contributing to serious injuries to Mr. Vargas onboard the vessel on or about September 27, 2017 ("the incident in question").  On the date of the incident in question, Mr. Vargas was onboard the derrick barge E.P. Paup getting into his bunk when he injured his knee and body generally, due to the improperly maintained vessel, which was not equipped with a properly secured ladder or other device necessary to safely reach his bunk.

3.2     Defendants were the owners and/or operators of derrick barge E.P. PAUP and were responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Vargas's injuries.  The dangerous and defective condition of the vessel violated applicable laws and regulations of the United States of America for vessels, and accordingly Defendants are liable for negligence, negligence per se, and in strict liability.

3.3     At the time of his injuries, Mr. Vargas was a Jones Act seaman assigned to the vessel of Defendants, and his work contributed to the ultimate mission of the vessel. Mr. Vargas would show that nothing he did or failed to do on the occasion in question

---

[1] Plaintiff was jointly employed by Manson Gulf, Manson, C&G, and Triple C.

caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Vargas was injured was proximately caused by the negligence, as that term is understood in law, on the part of Defendants.

### ■ *FIRST CAUSE OF ACTION—NEGLIGENCE* ■

4.1   Paragraphs 1.1 through 3.3 are incorporated by reference as though fully set forth herein.

4.2   Defendants, by and through their employees, representatives, and managers, were negligent in creating the dangerous condition that proximately resulted in Mr. Vargas's injuries and in failing to provide adequate crew, equipment, operations and in other respects. Under the circumstances presented by Defendants' violations of law, Defendants are also liable for negligence per se.

### ■ *SECOND CAUSE OF ACTION—UNSEAWORTHINESS* ■

5.1   Paragraphs 1.1 through 4.2 are incorporated by reference as though fully set forth herein.

5.2   The derrick barge E.P. PAUP was a vessel for which Defendants owed Mr. Vargas a duty of seaworthiness as a seaman. Defendants breached that duty because the derrick barge E.P. PAUP was not reasonably fit for its intended purposes, was dangerous, not reasonably safe, and unseaworthy as that term is legally defined.

5.3   The unseaworthiness of the derrick barge E.P. PAUP was a factual and legal cause of Mr. Vargas's damages.

■ *DAMAGES* ■

6.1     By reason of the incident in question, Mr. Vargas sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future.  At the time of the incident in question, Mr. Vargas was a healthy, able-bodied workingman who sustained injuries and will continue to suffer as a result of the incident physical impairment and disfigurement.

6.2     These very painful and disabling injuries have caused Mr. Vargas to sustain a loss of earnings and wage-earning capacity in the past, and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, Mr. Vargas has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

6.3     Mr. Vargas would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Vargas here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Louisiana and the United States of America.

## ■ *PRAYER* ■

**WHEREFORE, PREMISES CONSIDERED,** Mr. Vargas prays:

(a) That process in due form of law according to the practice of this Honorable Court issue against the Defendant, citing them to appear and answer all and singular the matters aforesaid;

(b) The damages provided by law for the injuries sustained by ALEX VARGAS.

(c) Such other and further relief that this Court may deem appropriate.

Respectfully submitted,

**ST. MARTIN & BOURQUE**

 /s/ Charles C. Bourque, Jr.
Charles C. Bourque (LSBA 20118)
cbourque@stmblaw.com
**315 BARROW ST.**
Houma, Louisiana 70360
Phone:  (985) 876-3891
Fax:     (985) 851-2219

## JURY DEMAND

Mr. Vargas hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Louisiana and preserved by the sacrifices of many.  The necessary jury fee has been paid.

 /s/ Charles C. Bourque, Jr.
Charles C. Bourque (LSBA 20118)