UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX VARGAS | CIVIL ACTION |
| VERSUS | NO. 18-11536 |
| MANSON CONSTRUCTION, CO. | SECTION M (5) |

**CHARGES TO JURY**

## I. General Instructions

It is my duty and responsibility to instruct you as to the law which you are to apply in this case. The law contained in these instructions represents the only law for your guidance, and it is your duty to follow the law as I instruct you regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case.

You should consider all the instructions about the law as a whole and regard each instruction in the light of the others, without isolating one particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel do not constitute evidence but are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence upon which those arguments rest. What the lawyers say or do is not evidence. However, you may consider their arguments in the light of the evidence that has been admitted and determine whether their assertions are supported by the evidence admitted in this trial. You will determine the facts from

all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide this case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You should not be influenced by passion, prejudice, or sympathy which you might have for the plaintiff or the defendant in arriving at your verdict.

**Preponderance of the evidence**

In this case, the plaintiff, Alex Vargas, has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find the plaintiff failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim.

Similarly, defendant Manson Construction Company has the burden of proving its defenses by a preponderance of the evidence. If you find that defendant failed to prove its defenses by a preponderance of the evidence, then the defendant has not defeated the plaintiff's right to recover on his claims by reason of these defenses.

However, in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who called them, and of all the exhibits received in evidence, regardless of who produced them.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions which you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One type is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence. Indirect or circumstantial evidence is evidence that proves a fact from which you can logically conclude that another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence. You must consider both and find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of the credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, and if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence, you believe that witness.

**Impeachment by witness's inconsistent statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Experts**

I have accepted certain witnesses as experts. Those persons shown to be qualified by education, training, or experience as experts in a particular field may testify to their opinions and may state their conclusions. You are to decide the relative weight to be given to an expert witness's testimony. You may consider the ability and character of the expert, his or her actions on the witness stand, the weight and process of reasoning by which the expert has supported his or her opinion, any possible bias in favor of the side for which the expert testified, the relative opportunity to study and observe the matters about which he or she testified, and any other matters which serve to support the expert's statements.

The opinion of an expert is only as sound as the accuracy of the facts upon which he or she predicates it. So, in evaluating the opinion of any expert, you should consider the facts he or she asserts as the basis of that opinion and then decide whether or not those facts have been substantiated by a preponderance of the evidence. If you should decide that the opinion of an expert witness is not based upon sufficient education, experience, or reasoning, you have the right

to reject his or her testimony. You are the sole and exclusive judges of the credibility of witnesses, the expert witnesses as well as the lay witnesses, and you determine what weight to give their testimony.

**Treating physicians**

The testimony and opinions of treating physicians, who have had the benefit of repeated examinations and sustained observations of a patient under their direct care and treatment, are to be accorded greater weight and probative value than that of physicians who have not undertaken to treat the patient but who merely examined him for litigation purposes.

**Deposition testimony**

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, the attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been submitted to you as one of the exhibits admitted into evidence. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Stipulated testimony and facts**

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court

Similarly, when there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proved here in court.

**Limiting instruction**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for that specific limited purpose for which it was admitted.

**Demonstrative evidence**

Demonstratives are illustrations. They are a party's description or model used to describe something involved in this trial. If your recollection of the evidence differs from the demonstrative exhibit, rely on your recollection.

**No inference for filing suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim, and is not evidence.

**Corporate parties**

The law considers a corporation as though it were an individual. In a suit involving corporations, you must consider and decide the case as you would between persons of equal stations in life. Corporations are entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law.

**Objections**

During the course of the trial, you will have heard objections to evidence. Sometimes these have been argued outside the hearing of the jury.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his or her client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight or effect of all evidence.

When I sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

Remember, you, as jurors, are the sole judges of the facts.

## II. Specific Instructions

Now, let me discuss the law specifically applicable to this case.

As you know, this case involves an injury that plaintiff Alex Vargas claims he sustained on September 27, 2017, while ascending a bunk ladder on the *E.P. Paup*. Plaintiff is a seaman who is asserting two separate claims against defendant Manson Construction Company.

Plaintiff's first claim, under the federal law known as the Jones Act, is that Manson Construction Company was negligent, and that this negligence was a cause of his accident. Plaintiff's second claim is that the unseaworthiness of the *E.P. Paup* caused his accident. The vessel *E.P. Paup* is owned and operated by defendant Manson Construction Company.

You must consider each of these claims separately. Plaintiff is not required to prove both of these claims. He may recover under either or both of them. However, he may recover only

those damages the law provides for the claim or claims that he proves, and he may not recover the same damages more than once.

**Jones Act**

Under the Jones Act, plaintiff Alex Vargas must prove that his employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, a defendant bears the responsibility for any negligence that played a part, however slight, in causing plaintiff's injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work, and that plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

The fact that the defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does

not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

**Unseaworthiness**

Plaintiff Alex Vargas seeks damages for personal injury that he claims was caused by the unseaworthiness of defendant Manson Construction Company's vessel, the *E.P. Paup*.

A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts and equipment in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel – a vessel that is reasonably fit for its intended use – no amount of care or prudence excuses the owner.

However, the vessel owner is not required to furnish an accident-free ship. It need only furnish a vessel and appurtenances that are reasonably fit for the intended use.

The vessel owner is not required to provide the best appliances and equipment on its vessel. It is required to provide only gear that is reasonably proper and suitable for its intended use.

In summary, if you find that the vessel was in any manner unfit under the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the vessel owner liable, without considering any negligence on the part of the vessel owner.

However, if you find that the owner had appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and defendant Manson Construction Company is not liable to plaintiff on the claim of unseaworthiness.

**Causation**

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury. This means that the plaintiff must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

**Contributory negligence**

Manson Construction Company contends that plaintiff Alex Vargas was negligent, and that plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Plaintiff's negligence will be considered a cause of the injury if it played a part – no matter how slight – in bringing about his injury. The defendant has the burden of

proving that plaintiff was contributorily negligent. If plaintiff's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. Under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

**Damages**

If plaintiff Alex Vargas has proved his claim against Manson Construction Company by a preponderance of the evidence, you must determine the damages to which plaintiff is entitled. You should not interpret the fact that I am giving instructions about plaintiff's damages as an indication in any way that I believe that plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable, and that plaintiff is entitled to recover money from the defendant.

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of plaintiff's damages. These damages are called compensatory damages.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precisions, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

In determining compensatory damages, you should consider only the following elements, to the extent you find that plaintiff Alex Vargas has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of plaintiff's earning capacity due to his physical condition; and the reasonable value, not exceeding actual cost to plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that plaintiff is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to plaintiff if he received the amount today than if he received the same amount in the future. If you decide to award plaintiff an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate plaintiff for his injuries.

## III. Conclusion

### Duty to deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during the trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a foreperson or presiding juror to guide your deliberations and to speak for you here in the courtroom.

You will be given this verdict form.

[Explain verdict form.]

Your verdict must be unanimous. After you have reached a unanimous decision, your foreperson or presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged you as a jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the foreperson or presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

Thank you. Would the court security officer please escort the jury to the jury deliberation room?