UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALEX VARGAS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-11536 |
| MANSON GULF, LLC; C&G WELDING, INC; TRIPLE C ENTERPRISE, INC. OF LOUISIANA; AND MANSON CONSTRUCTION, CO. | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Alex Vargas for a new trial regarding damages and for judgment as a matter of law, or alternatively for a new trial, regarding comparative fault.[1] Defendants Manson Gulf, LLC, C&G Welding, Inc. ("C&G"), Triple C Enterprise, Inc. of Louisiana, and Manson Construction Co. ("Manson") (collectively, "Defendants") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion finding that the jury's verdict was not irreconcilable as to damages and is supported by the evidence as to damages and comparative fault.

## I. BACKGROUND

This case involves a personal injury that occurred on a vessel. On September 27, 2017, Vargas was employed as a welder and rigger by C&G, which had a contract to provide laborers to Manson to assist in the deconstruction of offshore oil platforms. Vargas was assigned to work on the heavy lift derrick barge *E.P. Paup*, a vessel owned and operated by Manson. Plaintiff sustained injuries to his left knee when the ladder used to access his bunk shifted during his ascent. Vargas alleged that Defendants were negligent and the *E.P. Paup* was unseaworthy because the bunk ladder was not properly maintained and secured.

---
[1] R. Doc. 71.
[2] R. Doc. 72.

A jury trial in this matter was held on January 6-8, 2020.[3] After a few hours of deliberation, the jury of seven returned a verdict finding that Manson's negligence caused, in part, Vargas's incident, but that the *E.P. Paup* was not unseaworthy.[4] The jury also found that Vargas's own negligence contributed to his incident, assigning 80% of the fault to Vargas and only 20% to Manson.[5] The jury awarded Vargas $19,000 for past general damages including, physical impairment, disfigurement, pain and suffering, mental anguish, and loss of enjoyment of life; $9,000 for past lost wages; and $21,000 for future medical expenses.[6] The jury did not award anything for future general damages or future loss of earning capacity.[7]

## II. PENDING MOTION

Vargas seeks a new trial as to damages arguing that the jury's verdict is irreconcilable in that it awarded him future medical expenses, but nothing for future general damages.[8] Relying on *Davis v. Becker & Associates, Inc.*, 608 F.2d 621 (5th Cir. 1979), Vargas argues that it is impossible for him to have future medical expenses without future pain and suffering.[9] Vargas also seeks a judgment as a matter of law, or alternatively, new trial on comparative fault arguing that there was no evidence he was negligent or caused his own injury.[10]

In opposition, Defendants argue that the jury's damage award is not inconsistent, but rather is supported by the evidence.[11] Defendants point out that Vargas's treating physician, Dr. David Vanderweide, testified by video deposition that he diagnosed Vargas with a medial meniscal tear of the left knee and repaired the damage in a 20-minute arthroscopic surgery on

---

[3] R. Docs. 60-62.
[4] R. Doc. 67 at 1.
[5] *Id.* at 1-2.
[6] *Id.* at 2.
[7] *Id.*
[8] R. Doc. 71-1 at 5-7.
[9] *Id.*
[10] *Id.* at 7-8.
[11] R. Doc. 72-1 at 4-10.

October 27, 2017.[12] At his November 8, 2017, post-operative visit to Dr. Vanderweide, Vargas did not complain of any pain or surgery-related complications.[13] Vargas completed physical therapy and Dr. Vanderweide released him to return to full-duty manual labor, which Vargas has done.[14] Vargas has not returned to Dr. Vanderweide with complaints of pain, although he was instructed by the doctor to do so should the pain recur.[15] Dr. Vanderweide further testified that there is no medical probability that Vargas would need future steroid injections, repeated MRI evaluations, physical therapy, or a future knee replacement surgery.[16] Further, Vargas testified that he is not in daily pain and takes ibuprofen if he feels some discomfort.[17] Defendants contend that the relatively small award for future medical expenses likely represents $50 per month for the rest of Vargas's life to cover the cost of over-the-counter medications.[18] Thus, Defendants argue that it is reasonable that the jury determined that Vargas would have no compensable future pain and suffering.[19]

With respect to the motion for new trial, or alternatively, judgment as a matter of law as to comparative fault, Defendants argue that the great weight of the evidence supports the jury's verdict.[20] Defendants note that they presented two theories of Vargas's contributory negligence: (1) that he knowingly used a ladder he thought was unsafe, or (2) that he did not use the ladder at all to climb into the bed, but instead hoisted himself into the upper bunk by placing his foot on the lower bunk and swinging his body into the upper, which is what he told the medic after the

---

[12] *Id.* at 7.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 7-8.
[16] *Id.* at 8.
[17] *Id.*
[18] *Id.* at 8-9.
[19] *Id.* at 9-10.
[20] *Id.* at 10-11.

accident.[21] Thus, Defendants contend that the evidence supports two ways in which Vargas could have contributed to his own accident.[22]

## III. LAW & ANALYSIS

### A. Motion for a New Trial

Rule 59(a) provides a district court discretion to grant a new trial "on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a); *see also Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995) ("the decision to grant or deny a motion for new trial … rests in the sound discretion of the trial judge"). While the rule does not specify the grounds necessary for granting a new trial, the Fifth Circuit has instructed that "[a] new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). A district court may also grant a new trial when the jury's verdict is logically inconsistent if, after viewing the evidence in the light most favorable to a finding of consistency, reconciliation is impossible. *See Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001); *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) ("Answers should be considered inconsistent, however, only if there is no way to reconcile them.").

When a movant argues that insufficient evidence supports the verdict, the district court should deny the motion "unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (quoting *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986)); *see also Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982) ("new trials should not be granted on evidentiary grounds unless, at a minimum, the

---

[21] *Id.* at 11.
[22] *Id.*

verdict is against the great – not merely the greater – weight of the evidence") (quotation omitted). In contrast to the standard applicable to a Rule 50 motion, "[a] verdict can be against the 'great weight of the evidence,' and thus justify a new trial, even if there is substantial evidence to support it," and a district court may weigh the evidence when resolving whether a new trial should be granted on this ground. *Shows*, 671 F.2d at 930.

Moreover, the Seventh Amendment requires district courts "to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible." *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1040 (5th Cir. 1982) (citations omitted). Courts "therefore must attempt to reconcile the jury's findings, by exegesis, if necessary, before [they] are free to disregard the jury's verdict and [order a] new trial." *Id.* (quotation marks and citations omitted). A new trial is warranted only if there is "no view of the case which makes the jury's answers consistent and that the inconsistency is such that the special verdict will support neither the judgment entered … nor any other judgment[.]" *Id.* (quotation and citation omitted).

Vargas, relying on *Davis v. Becker & Associates, Inc.*, 608 F.2d 621 (5th Cir. 1979), argues that the jury's award of future medical expenses without an accompanying award for future general damages is irreconcilable. In *Davis*, the plaintiff sustained a back injury that required surgery. The jury awarded the plaintiff 100% of his lost wages from the date of the accident and for two years after trial, but did not award anything for past pain and suffering. The Fifth Circuit found that the verdict was inconsistent because the "jury necessarily found that Davis was totally disabled for this period of nearly four years as a consequence of defendant's negligence[,]" and the jury heard evidence of plaintiff's pain during this time from the plaintiff himself and his treating physician. *Id.* at 623. The court concluded that there was no evidence supporting a finding that plaintiff's pain during the time of disability was attributable to another accident.

5

The case at bar is distinguishable from *Davis*. *Davis* does not stand for the proposition that a jury cannot award future medical expenses without also awarding general damages for future pain and suffering. Rather, in *Davis*, the court relied on the record to determine that the verdict was inconsistent under the facts of that case. *See Arceneaux v. Mike Hooks, Inc.*, 15 F.3d 1079, at *5 (5th Cir. 1994) (explaining that in *Davis* the court relied on the facts to determine that the verdict was irreconcilable, while noting the court's Seventh Amendment obligation to reconcile apparent inconsistencies in answers to special verdicts if at all possible). Indeed, in *Arceneaux*, the Fifth Circuit recognized that an award of no general damages, despite a finding of some pain and suffering, can be supported by the evidence where there is "no direct testimony from any medical expert concerning the intensity or length of pain and suffering," and the other evidence shows that the pain is too minor or brief to be compensable. *Id.*

Here, the jury's award of future medical expenses without an award of future general damages is reconcilable. The jury awarded $21,000 for future medical expenses, a small fraction of the amount Vargas sought. Vargas's expert life care planner, Dr. Todd Cowen, testified that Vargas would require extensive future medical treatment, including steroid injections, MRI scans, and possibly a knee replacement. The jury obviously discounted this testimony in favor of treating physician Dr. Vanderweide's testimony that Vargas was unlikely to need such extensive future medical treatment. Vargas completed his post-operative physical therapy, and Dr. Vanderweide released him to full-duty manual labor. Vargas never returned to Dr. Vanderweide with complaints of pain though the doctor counseled him to do so. Vargas testified that he does not experience daily pain and any occasional discomfort is alleviated with over-the-counter ibuprofen. The jury was entitled to view this testimony as suggesting that any future pain would be addressed and controlled by such minimal measures. In this way, the evidence supports the jury's finding that any future pain would be too minor or brief to be compensable. *See Roark v.*

*Wal-Mart La., LLC*, 2012 WL 1825395, at *5-6 (E.D. La. May 18, 2012) (jury award of future medical expenses but none for pain and suffering was not inconsistent as would warrant Rule 59 relief because evidence supported "jury's conclusion that [plaintiff's] medical condition and treatment would not cause [p]laintiff future pain and suffering, particularly since there was no evidence that the reduced grip strength or related physical therapy would cause pain and suffering"). Thus, the jury's verdict is reconcilable and a new trial on damages is not justified.

B.     **Motion for Judgment as a Matter of Law**

Rule 50 of the Federal Rules of Civil Procedure requires a party to "specify the judgment sought and the law and facts that entitle the movant to the judgment" upon motion at trial before the jury renders its verdict. Fed. R. Civ. P. 50(a)(2); *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 290 (5th Cir. 2019). "If the pre-verdict motion is denied, then the party can renew its motion under Rule 50(b). But the renewed Rule 50(b) is 'technically only a renewal of the [Rule 50(a) motion for judgment as a matter of law].'" *Puga*, 922 F.3d at 290 (quoting *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985)) (bracketed language in original). Rule 50(b) provides in part: "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."

Judgment as a matter of law under Rule 50 is warranted only where "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court concludes reasonable jurors could not arrive at a contrary verdict." *Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 248-49 (5th Cir. 2005) (quoting *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 273 (5th Cir. 1997)) (citing Fed. R. Civ. P. 50(a)). Stated differently, "[a] jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Heck v. Triche*, 775 F.3d 265, 273 (5th Cir. 2014) (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th

Cir. 2008)). Thus, to prevail on a Rule 50 motion, "the party opposing the motion must at least establish a conflict in substantial evidence on each essential element of [its] claim." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 473 (5th Cir. 2018) (quoting *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1039 (5th Cir. 2011)). "'Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 485 (5th Cir. 2017)).

"[W]hen evaluating the sufficiency of the evidence, [courts] view all evidence and draw all reasonable inferences in the light most favorable to the verdict." *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005). However, "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts" remain within the province of the jury. *Kelso v. Butler*, 899 F.3d 420, 425 (5th Cir. 2018) (quoting *Hurst v. Lee Cty.*, 764 F.3d 480, 483 (5th Cir. 2014)).

Rule 50(b) further provides that a party "may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."

Vargas made a Rule 50(a) motion with respect to comparative fault before the case was submitted to the jury. The Court denied the motion. In this renewed motion under Rule 50(b), Vargas has not demonstrated that, considering the evidence introduced at trial, no reasonable jury could have found that his own negligence caused, in whole or in part, his injury. Indeed, the evidence at trial supports multiple theories of how the incident could have involved Vargas's contributory negligence, including evidence that Vargas either did not use the ladder at all or used it improperly, causing it to shift. Indeed, the jury attributed 80% of the fault to Vargas himself. Therefore, it cannot be said that there was no evidence to support a finding that his

comparative fault played a part in causing the accident. Therefore, there is no basis to enter a judgment as a matter of law, or order a new trial, on the issue of Vargas's comparative fault.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Vargas's motion for new trial and motion for judgment as a matter of law (R. Doc. 71) is DENIED.

New Orleans, Louisiana, this 13th day of February, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE